[Civ. No. 3087.  First Appellate District, Division One.—August 26, 1919.]

JOHN REID, Jr., Petitioner, v. THOMAS F. BOYLE, as Auditor, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO—EMPLOYMENT OF CITY ARCHITECT — FIXING COMPENSATION ON PERCENTAGE BASIS.—The board of public works of the city and county of San Francisco has authority to employ a "city architect" to prepare plans and otherwise render services in connection with the erection of city buildings and to fix his compensation at a given percentage of the cost of construction, payable as the work progresses. Such person does not become an employee or an officer of the city, in the ordinary sense, nor is he engaged in an employment requiring a fixed monthly compensation.

PROCEEDING in Mandamus to compel the auditor of the City and County of San Francisco to audit a claim for services as architect. Writ issued.

The facts are stated in the opinion of the court.

Cullinan & Hickey for Petitioner.

George Lull, City Attorney, for Respondent.

J. G. De Forest, *Amicus Curiae.*

WASTE, P. J.—In this proceeding, as was the case in *Miller* v. *Boyle, post,* p. 39, [184 Pac. 421], the petitioner is seeking an alternative writ of mandate directed to the respondent as auditor of the city and county of San Francisco, requiring him to audit a claim in the sum of $180, alleged to be due as architect's fees for the preparation of preliminary studies for plans and specifications for a residence building, for the use of the chief of the fire department of the city and county. The facts are in all particulars, with one essential difference, so similar to those presented in the Miller case, *supra,* that we will only state the additional matter in controversy. The two cases were argued and submitted to us for decision upon the facts set forth in the petition and the law as raised by the demurrer.

After the passage of the ordinance authorizing the board of public works, in its discretion, to obtain plans, drawings, specifications, and details for the erection of public buildings, referred to in the Miller case, the board of supervisors of the city and county, by resolution regularly adopted, directed the board of public works to prepare plans and specifications for a building suitable and adapted for residential purposes, for the chief engineer of the fire department of the city, and to submit the same, when so prepared, first to the board of fire commissioners, and then to the board of supervisors for approval and action thereon. Thereafter, by resolution, duly adopted, the board of public works appointed John Reid, Jr., the petitioner here, city architect. The resolution provides "that the duties of the city architect shall be to prepare plans and specifications for all public buildings, works, or improvements, for which the board of public works shall direct him to prepare such plans and specifications, and to supervise the construction of all public buildings, works, or improvements, the construction of which the board of public works shall direct him to supervise." The resolution also provides that the compensation of such city architect "shall be six per cent of the total cost of the construction of the respective

public buildings, works, or improvements, plans and specifications of which he shall so prepare, and the construction of which he shall so supervise; provided, however, that if he prepares the plans and specifications, when directed by the board of public works, as aforesaid, but is not directed to, or does not, supervise the construction of any particular public building, work, or improvement, his compensation in preparing such plans and specifications alone shall be four and one-half per cent of the total cost of the construction of such building, work, or improvement." The resolution then provides for partial payments as the work progresses, one-fifth of the entire compensation for the entire work to be paid upon the completion of the preliminary studies for plans and specifications for any particular public building. Until the actual cost of construction of any particular building, work, or improvement, shall be ascertained, the payments on account of such compensation of the city architect shall be based upon the estimated cost of the construction.

The resolution recites the authorization and direction to the board of public works, by the board of supervisors, to prepare plans and specifications for the fire chief's house, then directs the city architect to prepare plans and specifications for that building, and superintend its construction, his compensation for such services to be six per cent of the total cost of the building, which total cost is estimated at twenty thousand dollars. Further direction to prepare plans and specifications for the Galileo high school is contained in the resolution.

Immediately after the adoption of the resolution of the board of works last mentioned, the petitioner accepted such appointment as city architect, upon the terms stated in the said resolution, at once entered upon the performance of his duties as such, and ever since has been, and now is, the duly appointed and acting city architect of the city and county of San Francisco. In the discharge of these duties he thereafter prepared and completed the preliminary studies for plans and specifications of the fire chief's residence, the estimated cost of the construction of which, when said preliminary studies were completed, was found to be fifteen thousand dollars. The preliminary plans were delivered to, and accepted by, the board of public works. One hundred and eighty dollars is the correct amount of the installment of the fee

due under the terms of his employment, which, as in the case of *Miller* v. *Boyle, supra,* are the identical terms of employment for architects engaged in the general practice of the profession of architecture in the city and county of San Francisco.

[1] Under the provisions of the charter of the city and county of San Francisco (subd. A, sec. 11, art. XIII), the city architect is exempt from the provisions thereof relating to classification of employees by the civil service commission. The respondent in the instant case makes no contention, therefore, that the civil service provisions of the charter apply to petitioner, but bases his refusal to audit the claim on the ground that it arises out of a fee and compensation of an architect computed upon the cost of the construction of a public building. In other words, as we understand it, respondent's contention is that, under the provisions of the charter, the city architect is an employee of the city under the appointment by the board of public works, and that his compensation must be a fixed salary, payable monthly. He relies upon section 1, chapter 4, article III, which, in part, reads: "The salaries and compensation of all officers, including policemen, and employees of all classes, and of all teachers in public schools, and others employed at fixed wages, shall be payable monthly."

No express provision is made by the charter of the city and county of San Francisco creating the office of city architect. The only reference to such position found in the charter is its enumeration in the list of positions exempted from the civil service provisions. No salary is fixed and no method of compensation is provided. Assuming, therefore, that under its implied powers it created such an office, there still remains the question as to how the compensation attached to the office shall be paid. There seems to be a reasonable analogy between the situation thus presented and the facts existing in the line of cases in which the right has been upheld of city councils and boards of supervisors of counties to employ special assistants, particularly for the rendition of legal services, and to compensate them by a certain amount of the amount recovered in litigation. We are not inclined to hold that the ordinance directing the board of public works, in its discretion, to obtain plans for public buildings of the city and the resolution of the board of public works appointing

petitioner city architect can be held to make petitioner thereby an employee, or an officer of the city, in the ordinary sense, or an employment requiring a definite fixed monthly compensation. His duties are to prepare plans and specifications only for such public buildings, works, or improvements as may be directed by the board of public works, and for a compensation already agreed upon and fixed by resolution. Until the board directs performance of the services, and they are performed, no claim arises against the city by virtue of the office. Nothing contained in oral argument, or in the briefs of the parties, causes us to waiver in our opinion that, under such circumstances, the board of public works adopted a reasonable and customary means of availing itself of the services of petitioner. Under the facts of the instant case the question whether or not petitioner holds the position styled ''city architect'' is a false quantity for consideration.

No reason presents itself to us why the city was not empowered by its charter to enter into the arrangement made with the petitioner. Having done so, through its authorized agency, the board of public works, and petitioner, with his own private organization, having performed his part of the contract, the fruits of which have been accepted by the city, petitioner is entitled to compensation for his work.

If, in the judgment of the board of public works, which has full power and authority over such matters, the employment of petitioner was proper and in accord with the conduct of such business in the community, the compensation agreed upon appearing to be just and reasonable, we see no reason why petitioner is not entitled to have his claim audited.

What we said in the case of *Miller* v. *Boyle, supra,* disposes of all other contentions made by the respondent.

Let the writ issue as prayed for.

Bardin, J., *pro tem.,* and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 23, 1919.

All the Justices concurred.