WILLIAM MAXWELL CONLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK WILLIAM DOCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CARL ELMER LINDSAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26307, 26677, 26861. Promulgated January 10, 1930.

*William Maxwell Conley, Esq.,* pro se, *Frederick William Docker, Esq.,* pro se, and *Carl Elmer Lindsay, Esq.,* pro se.
*O. J. Tall, Esq.,* for the respondent.

OPINION.

MORRIS: In these proceedings, which have been consolidated, the petitioners seek a redetermination of their income-tax liabilities for the calendar years 1922 and 1923, for which years the respondent on February 19, 1927, determined deficiencies as follows:

| Petitioner | Docket No. | 1922 | 1923 |
|---|---|---|---|
| William Maxwell Conley | 26307 | $322.97 | $46.15 |
| Frederick William Docker | 26677 | 92.08 | 9.47 |
| Carl Elmer Lindsay | 26861 | 1,481.18 | 64.11 |

It is alleged in each of the petitions that the respondent erred in determining that certain income received during the years 1922 and 1923 from the Stinson Irrigation District and the Mendota Irrigation District in the State of California was taxable and not exempt under section 1211 of the Revenue Act of 1926.

The petitioners are individuals and citizens of the United States residing in the State of California.

During the period from January 1, 1922, to September 1, 1922, the petitioners were engaged in the practice of law as copartners under the firm name of Lindsay & Conley, herein referred to as Lindsay & Conley (old firm), with offices at 1012 Griffith-McKenzie Building, in the City of Fresno, County of Fresno, State of California.

During the period from September 1, 1922, the petitioners Lindsay and Conley and one Philip Conley were engaged in the practice of law as copartners under the same firm name as above but herein referred to as Lindsay & Conley (new firm), with offices at the same location as stated in the preceding paragraph.

The law firm of Short, Lindsay & Woolley preceded the partnership of Lindsay & Conley (old firm).

The Stinson Irrigation District and the Mendota Irrigation District are irrigation districts organized under the provisions of the " California Irrigation District Act " of 1897 entitled "An Act to provide for the organization and government of irrigation districts, and to provide for the acquisition and construction thereby of works for the irrigation of lands embraced within such districts, and, also, to provide for the distribution of water for irrigation purposes " and Acts amendatory thereof and supplemental thereto. (Acts 3854 to 3886, inclusive, pp., 1425 to 1529, inclusive, Deering, General Laws of California, 1923 Part One.)

On October 4, 1921, the board of directors of the Stinson Irrigation District passed the following resolution:

On motion of Director Hansen, seconded by Director Mittelstead, and duly carried, the law firm of Lindsay & Conley were retained as attorneys for the district.

On December 5, 1921 the board of directors of the Mendota Irrigation District passed the following resolution:

Whereas: It appearing to this Board that the appointment of an attorney or attorneys to attend to the legal matters incident to the voting of bonds and the appropriation of waters, and other matters pertaining to the organization, and carrying on the objects of the district is necessary; And, The firm of Lindsay & Conley having heretofore acted as attorneys in the guidance of the legal organization of the district, and in the opinion of this Board are eminently qualified to direct the legal affairs of the District;

Therefore: be it

Resolved: That the Law firm of Lindsay & Conley, be, and they are hereby employed as attorneys of the Mendota Irrigation District, at a compensation of six thousand dollars ($6000) per year, together with any necessary personal expenses for out of town work.

On September 23, 1922, the board of directors of the Stinson Irrigation District passed the following resolution:

On account of the retirement of F. W. Docker from the firm of Lindsay & Conley, and owing to the fact that Mr. Docker had, personally, handled all matters relating to Stinson Irrigation District since its organization, while with the firm of Lindsay & Conley, and the Directors believing that it would be desirable to have Mr. Docker continue handling the District's legal business, on motion of Director Mittelstead, seconded by Director Hansen, and carried, the secretary was instructed to notify Lindsay & Conley terminating their relation with the district on October 5th, 1922, and F. W. Docker was retained at the same monthly compensation at the will of the Board.

On March 6, 1923, the board of directors of the Mendota Irrigation District passed the following resolution:

The Board having under consideration the appointment of attorneys for the District, and it appearing that said appointment has inadvertently been delayed, and should have been formally made at the January meeting hereof— the District having availed itself of the services of Lindsay & Conley, Attorneys, during the period, subsequent to the expiration of their previous contract, i. e. Decr. 1st 1922, up to this date.

Now on motion made by Director Tuft, seconded by Director Pucheu, that Lindsay & Conley be appointed attorneys of the Mendota Irrigation District, and that the compensation be fixed at $150.00 per month for the routine work of the Board. Any further compensation for Court proceedings &c to be determined at the time the necessity arises.

Motion duly carried and so ordered.

Lindsay & Conley (old firm) received in 1922 from the Stinson Irrigation District the amount of $1,500 organization fees by resolution of the board of directors dated March 7, 1922, and monthly payments of $200, totaling $1,800 to September 7, 1922. Of the amount of organization fees referred to above, $750 pertained to preorganization work performed in 1921 by the predecessor firm of Short, Lindsay & Woolley, and $750 was for organization work performed by Lindsay & Conley (old firm) in 1922.

The income-tax returns of the partnerships were filed on the cash receipts and disbursements basis.

No oath of office was taken by any of the petitioners in connection with their duties as attorneys for the districts in question. Their fees were paid from funds of the districts and not from the state treasury and their services could have been terminated at any time. No compensation was paid them other than that authorized by the Boards except small amounts for expenses.

In the building where the old and new firm of Lindsay & Conley maintained offices there was nothing to indicate on the directory or office door that the firm or any member thereof was counsel for any irrigation districts.

Lindsay & Conley (old firm) received in 1922 the amount of $2,516.40 as organization fees of which $2,000 was retained by the

old firm and $516.40 was paid to Short, Lindsay & Woolley, the predecessor of the old firm. It also received $4,500 from the irrigation districts for legal services rendered up to September 1, 1922.

The partnership interests of the old and new firms stated in terms of percentages were as follows:

| Partner | Old firm | New firm |
|---------|----------|----------|
|  | *Per cent* | *Per cent* |
| C. E. Lindsay | 45 | 40 |
| W. M. Conley | 35 | 40 |
| F. W. Docker | 20 | None. |
| Philip Conley | None. | 20 |
| Totals | 100 | 100 |

The old firm filed a partnership return of income for the calendar year 1922 and reported a net income of $9,158.78. The respondent in his determination increased this amount to $18,168.78, as follows:

Amount reported by old firm _____ $9,158.78
Added by respondent:
    Fees from Mendota Irrigation District _____ 6,500.00
    Fees from Stinson Irrigation District _____ 2,510.00

    Amount determined by respondent _____ 18,168.78

The new firm filed a partnership return of income for the calendar year 1922 and reported a net income of $2,912.01, distributed as follows:

    C. E. Lindsay _____ $1,164.80
    W. M. Conley _____ 1,164.80
    Philip Conley _____ 582.41

    Total _____ 2,912.01

The old firm filed a partnership return of income for the calendar year 1923 and reported a net income of $4,834.84, which was distributed 45 per cent to Lindsay, 35 per cent to Conley, and 20 per cent to Docker.

The new firm filed a partnership return of income for the calendar year 1923 and reported a total gross income of $26,224.43 and total deductions amounting to $28,292.47.

The petitioners were free to engage in legal work other than that pertaining to the irrigation districts and in fact did so.

Petitioner Conley did the actual work for the Mendota Irrigation District and petitioner Docker did the actual work for the Stinson Irrigation District.

Neither of the partnerships reported as income any of the fees received during either of the years 1922 or 1923 from the Mendota or Stinson Irrigation Districts. The respondent determined that such fees constituted taxable income.

The facts in the instant proceedings are not in substance different from those in the case of *Howard* v. *Commissioner* (C. C. A., 5th Cir.), 29 Fed. (2d) 895, in which case the Circuit Court reversed the Board's decision (10 B. T. A. 62) and held that the compensation there in question was exempt from Federal taxation. The *Howard* case, however, was reversed by the United States Supreme Court on December 9, 1929, in a *per curiam* opinion upon the authority of the Supreme Court's decision in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; 46 Sup. Ct. 172; 70 L. Ed. 384. See *Blair* v. *Howard*, —— U. S. ——, decided December 9, 1929, and, we, accordingly, hold that the compensation paid by the irrigation districts to these petitioners is not exempt from Federal taxation.

*Judgment will be entered for the respondent.*