EDWIN J. RABER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29930. Promulgated September 25, 1930.

*Jay C. Halls, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

MATTHEWS: The sole issue presented in this case is whether the amounts received by the petitioner in 1923 and 1924 as compensation for legal services rendered under a contract with the Attorney General of Illinois to assist in conducting certain grand jury investigations in Cook County, Illinois, under the circumstances set out in our findings of fact, constitute taxable income. The petitioner received from Cook County as compensation for his professional services in 1923 and 1924 the respective sums of $3,962 and $4,650, and treated these amounts as nontaxable income in his income-tax returns for those years. Upon auditing these returns the Commissioner included these amounts as taxable income and proposed the deficiencies which we are here called upon to redetermine.

It is alleged by the petitioner that the compensation paid to him by Cook County is exempt from Federal income tax by virtue of the provisions contained in section 1211 of the Revenue Act of 1926, as follows:

Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

In order to bring the compensation involved herein within the exemption claimed, it is necessary that the petitioner prove himself to be either an officer or an employee of the State of Illinois or of Cook County, as those terms are defined and construed by the courts.

In *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, the Supreme Court of the United States said:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument, and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. *United States* v. *Hartwell*, 6 Wall. 385; *Hall* v. *Wisconsin*, 103 U. S. 5. The term " officer " is one inseparably connected with an office; but there was no office of sewage or water supply expert or sanitary engineer, to which either of the plaintiffs was appointed. The contracts with them, although entered into by authority of law and prescribing their duties, could not operate to create an office or give to plaintiffs the status of officers. *Hall* v. *Wisconsin, supra*; *Auffmordt* v. *Hedden*, 137 U. S. 310. There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law. See *United States* v. *Maurice*, 2 Brock. 96, 102, 103; *United States* v. *Germaine*, 99 U. S. 508, 511, 512; *Adams* v. *Murphy*, 165 Fed. 304.

Applying this definition to the facts of the instant case, we are of the opinion that the petitioner clearly was not an officer of the State of Illinois or of Cook County.

In *Louisville, etc., Railroad Co.* v. *Wilson*, 138 U. S. 501, the court said:

The terms " officers " and " employees " both, alike, refer to those in regular and continual service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer or employee. They imply continuity of service, and exclude those employed for a special and single transaction. An attorney of an individual, retained for a single suit, is not his employee. It is true, he has engaged to render services; but his engagement is rather that of a contractor than that of an employee.

In view of these decisions of the Supreme Court with respect to the character of service to be performed before it can be said that a person is an officer or employee, it is evident that continuity of service is an essential element and that one engaged to render service in one or more particular transactions is neither an officer or employee.

The facts of the instant case are very similar to those presented in the case of *David A. Reed*, 13 B. T. A. 513, in which case the petitioner was designated by the Attorney General of Pennsylvania as special counsel to represent the Commonwealth in the matter of inheritance taxes due by certain estates. During the pendency of the litigation in which Reed was acting in the interest of the Commonwealth of Pennsylvania, he was in frequent communication with the attorney general with regard to the several cases and no important questions of policy were decided without his previous consultation with and authority from the attorney general. His duties were not expressly prescribed by contract. As in the *Reed* case, the petitioner in the instant case never entered into any written contract or agreement with the attorney general relative to his em-

ployment. His services were engaged for no definite period and the implication of continuity is negatived by the fact that he was chosen specifically to prepare indictments and to render other legal services in connection with a particular investigation. The petitioner testified that he took an oath of office in order that he might appear before the grand jury. The record does not disclose what oath was administered to the petitioner. There appears to be no express statutory provision in the Illinois laws for a special assistant attorney general.

Counsel for the petitioner in the instant case has endeavored to distinguish it from the *Reed* case by pointing out that Reed was a member of a law firm in Harrisburg and maintained his offices there and did not devote his entire time to the services he rendered for the Commonwealth of Pennsylvania. Our attention has also been directed to the fact that Reed's duties related solely to civil litigation, whereas the petitioner in the instant case was engaged to prosecute crime. We do not agree that any fundamental distinction has been made upon which a contrary decision might be based. We can not see that a lawyer employed by an officer of a State or county to assist him in a criminal prosecution stands on any different footing from a lawyer employed to assist such an officer in civil litigation. We think that neither the amount of time devoted to performing legal services, nor the place where they are performed, is a controlling point in determining whether an attorney is an employee or an independent contractor. An independent contractor may devote his entire time for a period to a special job and still fall short of being an officer or employee of a State or political subdivision thereof. In other words, it is possible for an officer or employee to accept outside employment without changing the character of the services rendered by him, but it does not follow that one who is engaged to render service in a particular transaction and who must devote his entire time to such employment for the duration thereof, becomes an officer or employee within the meaning of the statute.

With respect to the right of control, or lack of it, exercised by the attorney general with respect to the manner in which the services were performed by the attorneys chosen to assist him, and the means used to accomplish the purpose for which they were employed, the petitioner in the instant case appears to have been in a position equivalent to that occupied by Reed. In the *Reed* case it was held that the taxpayer was not an employee of the Commonwealth of Pennsylvania and that the compensation paid to him for his legal services was subject to the Federal income tax. Our decision was reversed by the Circuit Court of Appeals for the Third

Circuit, 34 Fed. (2d) 263, but this latter decision was in turn reversed by the Supreme Court of the United States in a memorandum opinion dated May 5, 1930, 281 U. S. 699, upon the authority of *Lucas* v. *Howard*, 280 U. S. 14A, and *Metcalf & Eddy* v. *Mitchell*, *supra*. We think the ruling in the *Reed* case is applicable to the instant case and we hold that the compensation received by the petitioner from Cook County is taxable income as determined by the respondent.

This conclusion is in accord with our decision in the case of *Charles M. Haft*, 20 B. T. A. 431, where the petitioner was also an attorney employed to assist the Attorney General of Illinois in this same investigation of the municipal affairs of the city of Chicago, and where the terms of employment and the attending facts are practically identical with those set out herein.

*Judgment will be entered for the respondent.*