RICHARD F. BURGES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37712.    Promulgated April 19, 1932.

*Richard F. Burges, Esq.*, pro se.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: Article 88 of Regulations 69 reads as follows:

*Compensation of State officers and employees.*—Compensation paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision, including fees received by notaries public commissioned by States and the commissions of receivers appointed by State courts, is not taxable. Compensation received for services rendered to a State or political subdivision thereof is included in gross income unless (*a*) the person receives such compensation as an officer or employee of a State or political subdivision, and (*b*) the services are rendered in connection with the exercise of an essential governmental function.

An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement. An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary.

Originally the petitioner sought to bring himself within the definition of the above regulation as an officer of a political subdivision of a state, but he now claims that he is an employee thereof. On the facts we would have found no difficulty in deciding that petitioner was not an officer.

The question to be determined is, therefore, whether or not petitioner was an employee of political subdivisions of the states involved. In *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, the leading case on the subject, the court said:

In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. *Chicago, Rock Island & Pacific Ry. Co.* v. *Bond*, 240 U. S. 449, 456; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 227.

In *H. A. Underwood*, 20 B. T. A. 1117, which was affirmed as to the point under consideration, 56 Fed. (2d) 67, we said:

Although the petitioner under his contract was required to devote and did devote his entire time and attention to the performance of his contracts with the State of North Carolina, those services were such as are performed ordinarily by an architect and engineer. He drew his plans in accordance with the requirements or suggestions of his employers and he complied with their wishes with respect to the planning of the buildings and the erection of them. He did, however, maintain his own office, employ his own assistants, and bore the expense of their employment.

\* \* \* In the performance of the work he was to comply with the instructions and directions of his employers. But he was to bring about these results through his own methods and instrumentalities. This, we think, stamps the petitioner as an independent contractor with the State of North Carolina, rather than as an employee.

In *George H. Gabel*, 25 B. T. A. 60, we held, under facts quite similar to those in the case at bar, that the petitioner was an independent contractor and not an officer or an employee. As in the *Gabel* case, the petitioner, Burges, performed services for three political subdivisions and was free to engage and did engage in the general practice of his profession to a very considerable extent, the fees derived therefrom being about twice the amount of his combined salaries from all three districts. *George W. Fuller*, 9 B. T. A. 708; *Blair* v. *Byers*, 35 Fed. (2d) 326; cf. *United States* v. *Butler*, 49 Fed. (2d) 52. The relation between petitioner and the several districts was that of attorney and client—a relationship essentially different from that of employer and employee.

The petitioner consulted and advised with the several boards as he would with any other clients. Though the subject matter of his attention might be suggested by their wishes, his professional acts were in no sense controlled by them. *George H. Gabel, supra*, and cases there cited; *Burnet* v. *Jones*, 50 Fed. (2d) 14. In fact, in the course of argument in the case the petitioner, appearing as his own attorney, compared his employment to that of " one who is employed under contract at a specific salary to discharge all of the legal functions pertaining to the work of a municipal corporation."

Petitioner was free to and did accept other law business. He paid his secretary from his own funds. His duties were intermittent and except for delinquent tax collections were not prescribed by statute. His was the decision as to methods of handling matters entrusted to him for attention.

Under these facts we are of opinion that petitioner was not an employee of the several districts within the accepted definition of that term. His salary was, therefore, not exempt from Federal tax. This decision is contrary to our holding in *Richard F. Burges*, 17

B. T. A. 275, a case brought by the same petitioner for the year 1924. In that decision we relied on the cases of *James B. McDonough*, 16 B. T. A. 556; *D. F. Strickland et al.*, 16 B. T. A. 419; and *Blair* v. *Mathews*, 29 Fed. (2d) 892. The *McDonough* case was reversed by the United States Circuit Court of Appeals, Eighth Circuit, in 49 Fed. (2d) 944. The case of *Blair* v. *Mathews* was similar to *Lucas* v. *Howard*, 280 U. S. 526, and was inferentially reversed by the decision in the latter case. See *Russell* v. *Heiner*, 45 Fed. (2d) 872. The *Strickland* case was decided on the authority of *Blair* v. *Mathews*. In the light of later holdings we believe our decision in *Richard F. Burges, supra*, was erroneous and should no longer be regarded as an authority.

Reviewed by the Board.

*Decision will be entered for the respondent.*