JOHN REID, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46761, 53208. Promulgated August 22, 1933.

*Fred E. Youngman, Esq.,* for the petitioner.
*C. A. Ray, Esq.,* for the respondent.

1220

OPINION.

STERNHAGEN: The respondent added to petitioner's income the compensation received for his architectural services to the city of San Francisco during the years 1924 to 1928, inclusive. Article 88 of Regulations 62, 65, and 69, and article 643 of Regulations 74, all provide in part that:

Compensation paid to its officers and employees by a State or political subdivision thereof * * * is not taxable.

Regulations 69 and 74 restrict the article's application to compensation paid for services rendered in connection with the exercise of an essential governmental function. The 1926 Act, section 1211, provides:

SEC. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The cited regulations are not based upon any section of the acts, but upon the constitutional ground that those agencies through which the state or the Federal Government immediately and directly exercises its sovereignty are immune from the taxing powers of the other. *McCulloch* v. *Maryland*, 4 Wheat. 316; *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514. The exemption, however, is limited to an exercise of those powers which are governmental in character and does not extend to a state's activities in the operation of water or lighting plants, which have the characteristics of an ordinary private business, or to other proprietary functions. *Flint* v. *Stone Tracy Co.*, 220 U.S. 107; *South Carolina* v. *United States*, 199 U.S. 437; *Blair* v. *Byers*, 35 Fed. (2d) 326.

Petitioner has introduced a mass of evidence establishing that he was designated city architect of San Francisco by a resolution of the board of public works; that the board's appointment of him as such was authorized by an ordinance of the board of supervisors, a legislative branch of the city government, and that his compensation as architect was fixed at 6 percent of the cost of the specific projects assigned him for planning and supervising or 4½ percent in the case of those which he was to plan but not supervise. The resolution specifies no duties other than those required in the proper performance of specific assignments, but in practice petitioner rendered very substantial additional services in advising, supervising, reporting, recording, and making recommendations on all the architectural and construction work in which the board of public works and other city agencies were interested. He was provided with an office and staff in the city hall, and maintained at his own expense another office and another staff elsewhere. In his dealings with the public he acted generally as if he were a public official. He argues that his additional routine duties, his advice on all matters in which the board was interested, and the official recognition accorded him show that his own position and general supervision differentiate him from the other architects to whom the board also assigned specific work, and constitute him an officer or employee of a state agency.

The case is so similar to *Underwood* v. *Commissioner*, 56 Fed. (2d) 67 (*H. A. Underwood*, 20 B.T.A. 1117), that the decision must likewise sustain the respondent's determination. In that case a joint building committee, authorized by a North Carolina statute and consisting of commissioners appointed by the Governor, engaged Underwood by contract to devote his entire time and services as an architect to specified state projects at a monthly salary of $500, plus expenses, which included those of his office and staff of assistants. In 1923 this contract was abrogated; petitioner continued as architect and supervisor of public construction work, but in lieu of salary and expenses he received as compensation from 1½ to 6 percent of the moneys expended on the several projects, the percentage being measured by the services which he performed. He continued to devote his entire time to the public buildings, remained under the direction of the joint building committee, and attended meetings of the various boards interested in the projects. But he personally maintained his office, employed his own staff, and paid all expenses incident to his business out of the fees received from the state. In deciding that he was a private contractor and not a state employee, it was held that the services which he performed were those ordinarily performed by an architect and engineer, that he complied with the instructions and directions of his employers, but brought about the desired results through his own methods and instrumentalities; that the joint building committee was without technical skill and that their control of petitioner was confined to a determination of the kind and character of building construction and repairs to be undertaken, which petitioner proceeded to execute free from interference by the committee. These circumstances, together with the fact that his compensation was regulated by the value or amount of work done, the necessity for the use of judgment by petitioner, the maintenance of an office and staff of his own, and his personal liability for expenses, were held to establish that petitioner was an independent contractor although he had no other employment and was always at the command of the commission for a continuous and indefinite period.

There is no material difference in the facts here. Petitioner seeks to distinguish the *Underwood* case on the ground that Underwood's relation with the state was contractual, obliging him to devote his entire time and attention to state services. He contends that the resolution appointing him has no resemblance to a contract " other than that inherent in the acceptance by every officer or employee of the position tendered him." This distinction is not valid. In the first place the original contract of Underwood was abrogated in 1923, and while he continued to perform the same duties required by it, his

compensation and liabilities were altogether changed. The "contract" referred to in the opinion is the new contract arising from the later arrangement. In any event, petitioner's acceptance of the conditions of employment listed in the resolution here resulted in an implied contract equally as effective as a written one.

The *Underwood* case is in conformity with the holdings of other courts. In *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514, followed in *Lucas* v. *Howard*, 280 U.S. 526, the Supreme Court said:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. *United States* v. *Hartwell*, 6 Wall. 385; *Hall* v. *Wisconsin*, 103 U.S. 5. The term "officer" is one inseparably connected with an office; * * *

In refusing to exempt from taxation compensation paid to construction engineers, the Court said:

They took no oath of office; they were free to accept any other concurrent employment; none of their engagements was for work of a permanent or continuous character. * * * Their duties were prescribed by their contracts and it does not appear to what extent, if at all, they were defined or prescribed by statute. * * * the performance of their contract involved the use of judgment and discretion on their part, and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. * * * we do not find that it (i.e., taxation of compensation) impairs in any substantial manner the ability of plaintiffs in error to discharge their obligations to the state or the ability of a state or its sub-divisions to procure the services of private individuals to aid them in their undertakings.

*Reid* v. *Boyle*, 23 Cal. App. 34; 184 Pac. 423, cited by respondent, is not directly in point. It merely construed a local statute and held that petitioner was not such an employee or officer of the city "in the ordinary sense" as to prevent his being paid other than monthly.

In *Mesce* v. *United States*, 64 Ct. Cls. 481; certiorari denied, 278 U.S. 612, Mesce was employed by virtue of a Chicago ordinance authorizing the board of local improvements to retain the services of a building expert for testimony in court proceedings growing out of public improvements. The ordinance prescribed compensation of $50 a day and a percentage of the value of buildings for which plans, diagrams, etc., had to be prepared. In denying Mesce exemption as a city officer, the Court said:

He selected his own office, paid the rent and for its equipment, and employed at his own expense his assistants. * * * He used his own methods and instrumentalities and did the work of appraising values in his own way and as his judgment dictated, and in so doing he was free, and for such work he received his pay.

Again in *Kreipke* v. *Commissioner*, 32 Fed. (2d) 594; affirming 7 B.T.A. 777, the Eighth Circuit Court of Appeals denied exemption to a construction engineer, employed by contract to repair state buildings, and said:

He was not compelled to devote all his time to the work. There were no working hours. He was not on any payroll. He did not receive a salary or wages; he could accept concurrent employment * * *; was liable for damages caused by delay; employed and paid his own men * * *.

Similar considerations have supported similar conclusions in numerous other cases. See *David A. Reed*, 281 U.S. 699; reversing 34 Fed. (2d) 263; and affirming 13 B.T.A. 513; *Walter G. Winne*, 27 B.T.A. 369; *Packard Thurber*, 20 B.T.A. 1208; *Edwin J. Raber*, 20 B.T.A. 975; *Charles M. Haft*, 20 B.T.A. 431; *William Maxwell Conley*, 18 B.T.A. 736; dismissed on respondent's motion, 53 Fed. (2d) 1080; *John B. Spelman*, 18 B.T.A. 313.

On the other hand, if an architect, lawyer, physician or other professional man is employed by a state to perform whatever tasks may be assigned him (although not precluded from accepting other employment), if his service is continuous and regular, if his work is of a routine and recurring character, or if no definite object is to be accomplished, he has been held an officer or employee and not an independent contractor. *United States* v. *Butler*, 49 Fed. (2d) 52; *Burnet* v. *Livezey*, 48 Fed. (2d) 159; affirming 15 B.T.A. 806; *Blair* v. *Matthews*, 29 Fed. (2d) 892; *David K. Cochrane*, 26 B.T.A. 1167; *Rosalie C. Rand, Executrix*, 27 B.T.A. 182; *G. Ridgely Sappington*, 25 B.T.A. 1385; *Frederick A. Brown*, 22 B.T.A. 581; *Charles J. Tobin*, 17 B.T.A. 1261. Although petitioner's service was in fact regular and continuous, this was because of the city's building activity; had it ceased, he would have been without work or remuneration. While he did much routine, attended meetings, and made recurring reports, and in fact gave recommendations whenever asked, these services were beyond the express contemplation of the resolution and had no effect upon his compensation. Each task which the resolution authorized had to be specially assigned, and any compensation which he might draw had to rest entirely on such special assignment, which, moreover, the board of public works was not legally bound to give in any instance. Had it become dissatisfied with his services, no discharge would have been necessary to dismiss him; a mere failure to assign him new projects would instantly have left him without responsiiblity of any kind and without compensation. If his services were continuous, the continuity resulted from no term employment, but from a series of fresh employments which kept him steadily engaged. This is characteristic of an independent contractor, not an employee.

In his brief petitioner refers to sworn statements made before the Internal Revenue Bureau, wherein he said that the numerous services performed by him in addition to those required by the projects assigned for his preparation and supervision were done in a spirit of public service and not for compensation. He now seeks to deny that this is true, and argues that such statements are not admissions against interest. It seems unnecessary to pass upon the question of admission because the record is sufficiently complete to indicate that no part of the compensation paid was expressly intended to cover these additional services. The resolution of appointment limits the duties of the city architect to the preparation of plans for and supervision of construction of those works which " the Board shall direct him to plan and supervise," and his compensation is limited to the cost of these specific projects. Petitioner stated that he was unwilling to accept a salary as city architect because it would infringe a rule of the local Institute of Architects regarding fees. He and other architects were all paid on the same basis and that basis was prescribed by the institute. If a part of petitioner's compensation is expressly allocated to his additional services, he would not be receiving the 6 percent for his specific services, and would hence infringe the rule which his scruples require him to observe strictly.

This uniform 6 percent rule has a further significance, for if all available architects in the city were committed to charge alike and all others paid income tax, there is in fact no burden upon the municipality in taxing the petitioner likewise. Cf. *Willcuts* v. *Bunn*, 282 U.S. 216. Thus the petitioner's principal ground for his derivative Constitutional claim is absent.

*Judgment will be entered for the respondent.*