EDWARD M. LYNCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40703.  Promulgated May 16, 1934.

*Raymond R. Hails, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

MARQUETTE: The respondent has determined the following deficiencies in income tax:

| Year | Deficiency |
| --- | --- |
| 1923 | $2,258.56 |
| 1924 | 3,099.16 |
| 1925 | 124.07 |
| 1926 | 1,554.08 |

The petitioner is an individual, with his office and place of business in the city of Los Angeles, California.

The only issue is whether the petitioner's compensation as city engineer of certain California cities is subject to income tax. The facts are stipulated and the stipulation is made a part of this report. The following are the material facts:

The cities of Compton, Ventura, and Los Angeles are, and were during the years 1923, 1924, 1925, and 1926, Municipal Corporations operating under charters, and the cities of Fillmore, Lynwood, Taft, and Southgate are, and were at all times during the years 1923, 1924, 1925, and 1926, municipal corporations; to wit, cities of the sixth class of the State of California, and the City of Tujunga was organized during the year 1925 as a municipal corporation; to wit, a city of the sixth class of the State of California, and it existed as such for a portion of the year 1925, and all of the year 1926.

Petitioner herein was duly appointed city engineer of said City of Compton on July 21, 1914, by resolution of its Board of Trustees, reading as follows:

Whereas Edward M. Lynch, a civil engineer, has filed his written proposal with this Board for compensation for his services as City Engineer of the City of Compton, which proposal is in words and figures as follows, to wit:

" Edward M. Lynch, Civil Engineer, office at City Hall, Glendale, Cal., July 21, 1914.

" The Honorable, the Board of Trustees, Compton, Cal.

" Gentlemen:

" In confirmation of my verbal proposition made to your Board I will take charge of and furnish all engineering and inspection and write assessment rolls and bonds for street work in the City of Compton for 7% of the total contract price of the work.

" This offer covers all work of engineering in any capacity and all inspection necessitated by the work, and is intended to take charge of the work from the filing of the petition to the turning over to the contractor of the bonds.

" In case any engineering work is to be done which by its nature cannot be chargeable in this way I will take charge of same for $8.00 per day for myself, or I will furnish a competent crew of three men at the rate of $13.50 per day.

" Trusting this will meet with your approval, I am, gentlemen,
Very truly yours,

Edward M. Lynch."

Whereas said proposition is reasonable and acceptable to the Board, now therefore be it resolved that said Edward M. Lynch be and he is hereby appointed City Engineer of Compton and his compensation is herey fixed as in said written proposition herein contained.

Petitioner took the oath of office as such city engineer on said date, and continued to hold said office and to perform all the duties thereof, until the 5th day of April, 1927.

On June 13, 1916, petitioner was duly appointed City Engineer of the City of Fillmore. Petitioner took the oath of office as such city engineer on said date; he is still the city engineer of said city and he has at all times since his appointment performed all the duties of such office as are prescribed by law.

On July 11, 1916, the petitioner entered into the following contract with the city of Fillmore:

THIS CONTRACT, entered into this 11th day of July, 1916, by and between the CITY OF FILLMORE, a municipal corporation, and EDWARD M. LYNCH, WITNESSETH as follows:

That the City of Fillmore is desirous of securing the professional services of Edward M. Lynch, a civil engineer, with a view toward having him take charge of certain work of street improvement upon certain streets that the Board of Trustees intend to order improved, in said city, and in consideration of the payment to said Edward M. Lynch, of 7% of total contract price of said paving, and other improvements upon the completion thereof, said Edward M. Lynch agrees:

First: To prepare complete profiles of such streets in the City of Fillmore, as will be necessary to establish proper grades for the successful carrying out of said improvements.

Second: To prepare all data necessary for the proper establishment of such official grades as will be necessitated by said improvements.

Third: To prepare all maps, plans, etc., necessitated by said improvements, and to furnish all legal and other descriptions necessary.

Fourth: To set all stakes, do all engineering work of whatsoever nature, exercise careful and efficient supervision upon all construction work in such manner as to fully safeguard the interests of the property owners and the City.

Fifth: To maintain a thoroughly competent and reliable resident engineer, together with all necessary assistants in the City of Fillmore, during the entire period of construction of the improvements.

Sixth: To prepare complete assessment rolls and maps, representing the total cost of the improvement upon the completion by the contractor of said improvements.

Seventh: To prepare bonds, covering all assessments of twenty-five ($25.00) dollars or more, upon which payment has not been made by the contractor within the time prescribed by law.

The purpose of this contract being to obligate said Edward M. Lynch, to perform in a thorough and workmanlike manner, all engineering and inspection service necessary to secure for the City of Fillmore the best possible improvements for the money expended. The City of Fillmore, through its agents, the Board of Trustees, agreeing to pay said Edward M. Lynch 7% of the total contract price of the improvements herein referred to.

In case said improvements are abandoned for any reason beyond the power of said Edward M. Lynch to control, said City of Fillmore hereby agrees to reimburse said Edward M. Lynch for all money actually paid out by him in performance of his work, no portion of which is to go to him for personal services.

On December 27, 1922, the petitioner was appointed city engineer of the city of Lynwood and served until July 16, 1925. During the year 1924 he was city engineer of the city of Taft. On March 18, 1924, he was appointed city engineer of the city of Southgate and served until October 13, 1927, when he resigned. On July 7, 1925, he was appointed city engineer of the city of Tujunga and served until his resignation in January 1928. In each of the above cases the petitioner was appointed by a resolution of the board of trustees of the city and in each case he took oath of office. In each case he executed a contract with the city similar in all material respects to that entered into with the city of Fillmore.

The petitioner received from the cities above named during the years 1923 to 1926, inclusive, the following amounts:

| Name of city | 1923 | 1924 | 1925 | 1926 |
|---|---|---|---|---|
| Compton | $43,885.46 | $46,830.56 | $26,724.05 | $17,139.35 |
| Fillmore | 267.54 | | 1,305.50 | 545.17 |
| Lynwood | 16,931.12 | 39,645.54 | 5,328.94 | |
| Taft | | 2,329.40 | | |
| Southgate | | 1,850.00 | 29,213.47 | 12,903.47 |
| Tujunga | | | 400.00 | 13,358.18 |
| Ventura | 5,237.89 | | | |
| Hanford | 4,089.35 | 2,109.44 | | |
| Los Angeles | | 2,410.00 | 8,151.79 | |
| Total | 70,411.36 | 95,174.94 | 71,123.75 | 43,946.17 |

Petitioner was neither an officer nor an employee of the cities of Ventura, Hanford, and Los Angeles, his employment by such cities being purely in an advisory capacity.

Petitioner did not include in his income tax returns any of the sums above set forth and excluded from the returns expenses incurred in connection with the earning of such fees in the following amounts:

| | |
|---|---:|
| 1923 | $57,670.05 |
| 1924 | 71,550.27 |
| 1925 | 62,118.49 |
| 1926 | 28,042.40 |

Respondent in determining the deficiencies set forth in the notice of deficiency has included as taxable income all of the fees received by petitioner as above set forth and has allowed as deductions in the computation of net taxable income the expenses of petitioner as above set forth, the net additions being set forth in said notice as follows:

| | |
|---|---:|
| 1923 | $16,315.09 |
| 1924 | 23,624.67 |
| 1925 | 9,005.26 |
| 1926 | 15,903.77 |

The compensation received by petitioner from the cities of Compton, Fillmore, Lynwood, Taft, Southgate, and Tujunga was paid to him in accordance with the terms of contracts with those cities, and he received no other compensation from them.

Upon completion of each of the street or other improvement projects made by said cities of Compton, Fillmore, Lynwood, Taft, Southgate, and Tujunga during the years 1923, 1924, 1925, and 1926, an assessment was levied against the properties subject thereto as required by the " Improvement Act of 1911 " and there was included in each of such assessments an item designated, " City Engineer's Official Compensation, including inspection and clerical work on assessments," which item amounted to 7 percent of the contract price or other cost of such improvement, and the amount so set forth was paid to petitioner in accordance with his contract of employment.

The petitioner insists that his compensation as city engineer of the cities of Compton, Fillmore, Lynwood, Taft, Southgate, and Tujunga, is exempt from Federal income taxation on the ground that he was an officer of each city. In support of this he points to his appointment by each of the boards of trustees and to the fact that he qualified in each case by taking an oath of office. On the other hand the length of his employment, when such period was fixed, his duties, and his compensation were prescribed in each case by his contract and not by law. He agreed to do the work for a compensation measured always by a percentage of the total contract price. All help on the jobs was to be furnished by him free of cost to the cities. He was to maintain at his own expense in each city, except Compton, a resident

engineer and the necessary assistants. Each contract, except that with the city of Compton, recites that its purpose is to obligate the petitioner to perform in a thorough and workmanlike manner all engineering and inspection services. These are words of contract and do not import duty imposed by law. The agreement with the city of Compton is equally contractual in its nature. Apparently petitioner's obligation was not so much his oath as his contract. When we add to this the fact that the petitioner was working at the same time under from three to five contracts with different cities and that his office and place of business was in a city which he does not pretend to have served in an official capacity, all semblance of city office and city officer, as a practical matter, disappears (*Tyler* v. *United States*, 281 U.S. 497), and petitioner appears in his real person as an engineer who is able and willing to contract to serve and to furnish his own assistants to anyone, whether an individual, corporation, or municipality, on such terms and for such compensation as may be agreed upon by contract. Such a person is clearly an independent contractor, the taxation of whose compensation would not impair his ability to perform his duty or interfere with the city employing other contractors to do the same work. The petitioner's claim that his compensation as city engineer of the several cities is exempt from Federal income tax must be denied. *F. A. Pease*, 30 B.T.A. 17; *John Reid, Jr.*, 28 B.T.A. 1217; *Walter G. Winne*, 27 B.T.A. 369; *Richard F. Burges*, 25 B.T.A. 1191; affd., 69 Fed. (2d) 609; *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514; *Willcuts* v. *Bunn*, 282 U.S. 216.

The stipulation indicates a clerical error for the year 1923, which is that the amount included by respondent in petitioner's income for that year is in excess of the difference between gross income received and expenditures made. This error, if any, may be taken into consideration under Rule 50.

*Judgment will be entered under Rule 50.*