*678 OPINION.
Smith:
We have heretofore held, in George H. Harlan, 30 B. T. A. 804, affirmed by the Circuit Court of Appeals for the Ninth Circuit in Commissioner v. Harlan, 80 Fed. (2d) 660, that the Golden Gate Bridge and Highway District was an instrumentality of the State of California engaged in an essential governmental function and that the regular salary of the attorney for the Bridge District was immune from Federal income tax. The petitioner herein relies strongly on that case in claiming tax immunity on the compensation paid him- as engineer for the Bridge District. He Undertakes to show that he was an officer of the Bridge District standing essentially in the same relationship to it as the attorney.
Undoubtedly a strong parallel is to be found between the cases, particularly in the statutory authorization for the appointments and in the character of some of the services which the attorney and the engineer rendered to the Bridge District. We are of the opinion, however, that the parallel is not so close as to be compelling and that under necessity of distinguishing facts the petitioner must be classified as an independent contractor rather than as an officer or employee of the Bridge District.
First, the petitioner undertook his services for the Bridge District under a separate and distinct employment contract, the terms of which he himself either suggested or agreed to. He was bound only by the terms of this contract. Thus, in a very real sense, he was an independent contractor. His compensation was fixed by the contract strictly on a fee basis. In the Harlan case there was no contract of employment with the attorney. His duties were fixed by statute or by the board of directors. The compensation which the Board and the court held to be immune from Federal tax consisted only of the attorney’s regular salary from the Bridge District.
The facts here bring the instant case directly in line with Metcalf & Eddy v. Mitchell, 269 U. S. 514. There, as here, the taxpayers were engineers employed under contract with the states or state instrumentalities. Their employment was for one or more particular projects and their compensation was fixed, in some instances at a gross sum for the completed job. The .Court there said:
We think it clear that neither of the plaintiffs in error occupied any official position in any of the undertakings to which their writ of error in No. 183 relates. They took no oath of office; they were free to accept any other con *679 current employment; none of their engagements was for work of a permanent or continuous character; some were of brief duration, and some from year to year, others for the duration of the particular work undertaken. Their duties were prescribed by their contracts and it does not appear.to what extent, if at all, they were defined or prescribed by statute. We therefore conclude that plaintiffs in error have failed to sustain the burden cast upon them of establishing that they were officers of a state or a subdivision of a state within the exception of section 201 (a).
An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. United States v. Hartwell, 6 Wall. 385, 18 L. Ed. 830; Hall v. Wisconsin, 103 U. S. 5, 20 L. Ed. 302. The term “officer” is one inseparably connected with an office; but there was no office of sewage or water supply expert or sanitary engineer, to which either of the plaintiffs was appointed. The contracts with them, although entered into by authority of law and prescribing their duties, could not operate to create an office or give to plaintiffs the status of officers. Hall v. Wisconsin, supra; Auffmordt v. Hedden, 137 U. S. 310, 11 S. Ct. 103, 34 L. Ed. 674. There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law. See United States v. Maurice, Fed. Cas. No. 15,747, 2 Brock. 96, 102, 103; United States v. Germaine, 99 U. S. 508, 511, 512, 25 L. Ed. 482; Adams v. Murphy, 165 F. 304, 91 C. C. A. 272.
The petitioner here took the usual oath, of office but it does not appear that lie was required to do so by law or that taking the oath of office was of any special significance in determining his duties or relationship to the Bridge District or the state. See Edward M. Lynch, 30 B. T. A. 727; Eric E. Hall, 33 B. T. A. 953; Commissioner v. Murphy (C. C. A., 2d Cir.), 70 Fed. (2d) 790. The petitioner was appointed not for a term of years, but for the duration of a particular project. His duties were only briefly referred to in the statute (see section 12, supra) but were fully defined in his contract with the Bridge District. His compensation also was fixed by the contract and not by statute.
Neither can it be said that the petitioner was an employee of the state or the Bridge District. We quote further from the Court’s opinion in Metcalf & Eddy v. Mitchell, supra;
* * * In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. * * *
See also Commissioner v. Modjeski (C. C. A., 2d Cir.), 75 Fed. (2d) 468, where the court held, reversing the Board, that a consulting engineer, employed by the Delaware River Joint Commission, created by the Legislatures of Pennsylvania and New Jersey for the purpose *680 of building a bridge over the Delaware River, was an independent contractor.
In Edward M. Lynch, supra, we held that the compensation paid to the city engineer for several cities of the State of California was not exempt from Federal income tax. The facts there were not materially different from those in the instant case. In holding the taxpayer’s compensation subject to tax we said:
The petitioner insists that his compensation as city engineer of the cities of Compton, Fillmore, Lynwood, Taft, Southgate, and Tujunga, is exempt from Federal income taxation on the ground that he was an officer of each city. In support of this he points to his appointment by each of the boards of trustees and to the fact that he qualified in each case by taking an oath of affice. On the other hand the length of his employment, when such period was fixed, his duties, and his compensation were prescribed in each case by his contract and not by law. He agreed to do the work for a compensation measured always by a percentage of the total contract price. All help on the jobs was to be furnished by him free of cost to the cities. He was to maintain at his own expense in each city, except Compton, a resident engineer and the necessary assistants. Bach contract, except that with the city of Compton, recites that its purpose is to obligate the petitioner to perform in a thorough and workmanlike manner all engineering and inspection services. These are words of contract and do not import duty imposed by law. * * *
To the same effect is F. A. Pease, 30 B. T. A. 17; affd., 83 Fed. (2d) 122. In its affirming opinion the court said:
Here the petitioner’s employment in some instances was for brief periods, in others from year to year, and others for the duration of a particular work undertaken. He was paid on a commission basis according to agreement negotiated with the city council or with the city manager, and employed his assistants and helpers and paid them out of his own earnings. He was engaged in practicing his profession of engineering and was employed by each of the municipalities as he might or could have been employed by any other client. In our opinion he was an independent contractor, and the income which he received from his employment was taxable.
See also Consoer, Older & Quinlan, Inc. v. Commissioner (C. C. A., 7th Cir.), 85 Fed. (2d) 461, affirming the Board’s memorandum opinion. In Joseph Milton Howe, 19 B. T. A. 849, where we held that the compensation received by a civil engineer for Harris County, Texas, was subject to tax, we said:
In our opinion that enactment (Harris County Road System law, section 24) does not create the office of county engineer. It provides for the selection of an engineer who is to be employed by contract, which is incompatible with the idea of a public office. In 221 Ruling Case Law, p. 379, we find the general rule that “A public office is not the same thing as a contract, and one contracting with the government is in no just and proper sense an officer of the government.” Again, on page 380 of the same volume it is stated; “The fact that the duties of a particular position or governmental function do not depend on contract is itself one of the criteria that it is a public office.” And to similar effect is the holding in Hall v. Wisconsin, 103 U. S. 5.
*681 In Erie E. Hail, supra, which involved facts quite similar to those in the instant proceedings, we held that the county architect for Cook County, Illinois, was an independent contractor and that his compensation was not immune from Federal income tax. Cf. Underwood v. Commissioner, 56 Fed. (2d) 67.
The evidence here unmistakably shows that the petitioner served the Bridge District in the capacity of an independent contractor and not as an officer or employee. He maintained his own office, hired his own assistants, paid his own office expenses, was at liberty to perform other engineering services, and as compensation received fees based upon the cost of the work to be done. Our conclusion is that under the facts here presented and by the great weight of authority the petitioner’s compensation is not immune from tax.
The respondent now concedes in his brief that the income in dispute should be allocated to the petitioners on a community property basis. This issue, as well as the remaining issue relative to the amounts of petitioner’s personal exemptions, will be settled under Rule 50 in accordance with the above findings of fact.
Reviewed by the Board.

Judgment will be entered under Rule 50.