GEORGE I. HAIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDMUND D. ADCOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Dockets Nos. 9475, 9476, 23739, 23740. Promulgated December 20, 1928.

*Irvin H. Fathchild, Esq.,* for the petitioners.
*H. L. Jones, Esq.,* for the respondent.

850

OPINION.

TRAMMELL: There are two questions involved in these proceedings. First, whether the compensation received by Adcock is exempt from taxation upon the ground that it was paid to him as an officer, employee or governmental agency of a political subdivision of the State of Illinois. Second, if such compensation is exempt in so far as Adcock is concerned, whether it is also exempt in so far as Haight is concerned who received a portion thereof as his share of the partnership income, it having been paid in to the partnership by Adcock as any other partnership income.

We think that Adcock clearly was not an officer of a political subdivision of the State of Illinois. The so-called ordinance passed by the board of trustees of the sanitary district did not create an office but merely provided for the employment of Adcock to take care of certain matters for the board. The employment did not embrace the idea of tenure, duration, emolument or duties fixed by law but by special agreement.

Where an office is created the law usually fixes its incidents, including its term, its duties and its compensation and the term fixed does not embrace contracts or agreements with individuals although they are entered into by authority of law. We do not think, therefore, that Adcock was an officer of a political subdivision of the State of Illinois within the meaning of that term laid down in the case of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514.

The next question is do the facts establish that Adcock was an employee of a political subdivision of Illinois.

Adcock was, previous to the taxable years involved, general attorney for the Sanitary District of Chicago. He resigned that position and accepted employment in accordance with the terms of the "Committee on Employment," and his compensation was fixed by agreement between himself and the committee, the committee being authorized to fix his compensation at a sum which was considered fair and reasonable. His services were in connection with the matters pertaining to the water-flow controversy in connection with the amount of water that could be legally withdrawn by the sanitary district from Lake Michigan, with the legislation pending in Congress in connection with said matter and numerous other legal matters which were pending in the law department of the sanitary district. Adcock as general attorney had handled these various matters and was familiar therewith. He, in effect, carried on to a large extent as special attorney the matters which he had had charge of as general attorney. He, however, was acting in an entirely different capacity as special attorney from that in which he had acted as general attorney. The general attorney had a general supervision over legal matters and litigation. The sanitary district also, by virtue of law, had control over all matters within its jurisdiction. The ordinance under which Adcock was appointed contained no provision subjecting him to the control of any one. It set forth that the petitioner be employed to take care of the matters set out therein. No other ordinance was presented or called to our attention which provided that the general attorney should direct the petitioner in the performance of his work.

It is clear that the services of Adcock were secured on account of his familiarity with the questions and matters involved, and his special qualifications to handle them. The proper performance of his duties required the exercise of that judgment and professional skill. In fact the evidence indicates that the benefit of the petitioner's judgment, discretion and skill was what the sanitary district sought to obtain. If he were not left free to use such judgment and discretion, professional experience and specialized knowledge as to the

means to be used and the manner in which the matters should be handled, he would not have performed his proper function. In our opinion the control, or the right of control, exercised over the petitioner was no greater here than in the case of *David A. Reed*, 13 B. T. A. 513, and *Robert G. Gordon*, 5 B. T. A. 1047, or in the case of *Frank H. Mesce*, 64 Ct. Cls. 481, where certiorari was denied by the United States Supreme Court, 278 U. S. 612. In that case the court said:

He was under the control of the Board as to whether plans or detailed estimates of cost should or should not be made, the number, and in some instances the plans of reconstruction; as to the amount of work done, but not as to the time within which it was to be done; as to the order in which the work in the various improvements was to be performed * * *.

We do not mean to say that a professional man can not be an employee or that the mere fact that judgment and skill are required of an individual deprives him of the classification of an employee. The relationship between the individual and the State or political subdivision thereof is the question to be determined and the extent to which a person is left free to use this judgment and discretion as to the mode, manner and means of performing his undertaking is a material factor to be considered.

It appears in this case that the control exercised over the petitioner was not substantially greater than the control a client might ordinarily exercise over his attorney or over litigation.

In our opinion the petitioner's relation to the sanitary district was more similar to that of attorney and client than that of master and servant or employer and employee. He maintained his own law office and had his own office assistants. He was free to take any other business from other clients if it did not conflict with his duties to the district. He apparently gave up his practice as general attorney for the purpose of carrying on his own business and in carrying on his business as attorney he represented the sanitary district. Nor do we think that the petitioner's compensation is exempt on the ground that he was an agency or instrumentality of the State or a political subdivision thereof. *Metcalf* v. *Mitchell*, 269 U. S. 514.

Having reached this conclusion, it is not necessary to discuss the second issue raised, that is, the status with respect to exemption of the partnership income, consisting of the petitioner's compensation from the sanitary district.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN and SIEFKIN concur in the result only.