Hugh W. Ogden, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 23943. Promulgated December 22, 1931.

*Philip Nichols, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, for the respondent.

OPINION.

GOODRICH: In view of the many cases heretofore decided by this Board and the courts involving the taxability by the Federal Government of compensation received by an individual from a State or a political subdivision thereof, it is deemed unnecessary to include herein either an extensive review of the problem or an extensive discussion of the decisions. The principles are well established. It is clear that the exemption from taxation, retroactively afforded by section 1211 of the Revenue Act of 1926, is not available to petitioner and that the sum of $3,900, received by him in 1923 from the counties of Norfolk, Middlesex, and Suffolk as compensation for his services rendered as auditor in lawsuits arising in said counties, is to be included in the computation of his gross income for purposes of taxation under the provisions of section 213 (a) of the Revenue Act of 1921, unless while rendering said services he was an officer or employee of the Commonwealth of Massachusetts, or a political subdivision thereof, engaged as an instrumentality or agent of the Government in administering or executing Governmental functions of the Commonwealth, or, if an independent contractor, unless it further appears that a Federal tax upon his compensation substantially impairs his ability to discharge his duties and obligations to the Commonwealth, or the ability of the Commonwealth, or its subdivisions, to procure the services of private individuals to aid them in their undertakings. *Collector* v. *Day*, 11 Wall. 133; *Auffnorat* v. *Hedden*, 137 U. S. 310; *United States* v. *Weitzel*, 246 U. S. 533; *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Lucas* v. *Howard*, 280 U. S. 526; *Lucas* v. *Reed*, 281 U. S. 699; *Miller* v. *McCaughn*, 27 Fed. (2d) 128; *Blair* v. *Matthews*, 29 Fed. (2d) 892; *Blair* v. *Byers*, 35 Fed. (2d) 326; *Burnet* v. *Livezey*, 48 Fed. (2d) 159; *Elam* v. *Commissioner*, 45 Fed. (2d) 337.

Our task, then, in deciding the case at bar, is to determine whether petitioner, in relation to the Commonwealth, or the aforementioned counties thereof, in his capacity of auditor of the Superior Court, was an officer, an employee, or an independent contractor; whether he was engaged, as an instrumentality of government, in performing proper governmental duties; and, if we hold him to be an independent contractor, what impairment, if any, would result from levying a tax upon his compensation.

Upon consideration, we conclude that petitioner was not an independent contractor. Under the Massachusetts practice the position of "auditor" in law is analogous to that of "master" in chancery. The position is created by statute (General Laws of Massachusetts, ch. 221, entitled "Clerks, Attorneys, and other officers of Judicial Courts" in section 56 et seq., under the title, "Masters, Auditors,

1244

Referees, Assessors, etc.,"[1]) which also outlines the duties, and authorizes the appointing court to fix the compensation which is to be paid by the county. Cf. *Miller* v. *McCaughn, supra*. In his capacity as auditor, petitioner was not performing the ordinary duties of a lawyer, nor did he merely take on another client. He was not giving advice, nor engaging in trial as counsel, nor otherwise rendering the legal services customary from attorney to client. Cf. *Lucas* v. *Reed, supra; Lucas* v. *Howard, supra; Blair* v. *Byers, supra*. True, he took no oath, but none was prescribed by statute, and the mere absence of an oath does not of itself make him an independent contractor. True

---

[1] MASTERS, AUDITORS, REFEREES, ASSESSORS, ETC.

SEC. 56. When a civil action is at issue, the supreme judicial or superior court, in its discretion, and a district court, if both parties assent thereto in writing, may appoint one, or more auditors to hear the parties, examine their vouchers and evidence, state accounts and report upon such matters therein as may be ordered by the court. The auditor's findings of fact shall be prima facie evidence upon such matters only as are embraced in the order; but the court at the trial shall exclude any finding of fact which appears in the report to be based upon an erroneous opinion of law, or upon inadmissible evidence. Whenever the auditor makes a ruling as to the admissibility of evidence and objection is taken thereto he shall, if requested so to do, make a statement of such ruling in his report. The auditor shall not make any finding of fact which depends upon the decision of a question of law, unless he makes alternative findings or states in his report the view of the law upon which his finding depends, together with such subsidiary facts as will enable the court to pass upon the question.

SEC. 57. After any account of an executor, administrator, guardian, conservator, trustee, or other person required by law to render an account in the probate court has been filed therein, the judge of said court may, before approving it, appoint one or more auditors to hear the parties, examine vouchers and evidence and report upon the same to the court. The report shall be prima facie evidence upon such matters as are expressly referred to such auditors.

SEC. 58. Auditors shall give notice to the parties of the time and place appointed for their meeting, and may adjourn from time to time as may be necessary. If there is more than one auditor, all shall meet and hear the cause, but a report may be made by a majority. If either party neglects to appear at the time appointed for such hearing, or at any adjournment thereof, without just cause, or if at any such hearing either party refuses to produce in good faith the testimony relied on by him, the auditors may close the hearings and make a report recommending that judgment be entered for the adverse party. Judgment shall be entered accordingly at the first judgment day after the expiration of ten days from the filing of the report, unless the court, for cause shown, otherwise orders.

SEC. 59. The court may for cause discharge the auditors and appoint others and may recommit the report for revision or further examination to the same or to other auditors.

SEC. 60. The court in which a cause is pending may, upon application of either party, appoint a day certain for the hearing thereof before the auditor. The hearing shall be had upon the day appointed, and shall proceed, unless the parties otherwise agree or the auditor otherwise orders, from day to day until the conclusion thereof.

SEC. 61. The court shall award reasonable compensation and allow actual expenses of travel in attending hearings, if said expenses be approved by the court as reasonable, to auditors, and the same shall be paid by the county if they are appointed by the supreme judicial court, the superior court or the probate court. If they are appointed by any other court, the compensation awarded and expenses of travel allowed may be paid by either party and taxed in his bill of costs if he prevails; but the plaintiff shall be liable for such payment, and the court may make all orders and decrees, and issue process to enforce the same. No allowance for the expenses of travel shall be allowed by the court, unless the auditor shall file a true and correct account of such expenses, signed and sworn to by him.

SEC. 62. Auditors, masters in chancery, and special masters shall file their final report in the office of the clerk of the court by which they are appointed within ninety days after the hearing before them has been closed or within such time as the court may allow, and, in default thereof, shall not be entitled to any fees.

also, his appointment as auditor was for an indefinite period, but that matter was within the discretion of the appointing court. It is conceivable that by means of successive appointments he could occupy the position for the rest of his life, although, on the other hand, he might have it for but a few days. The fact that his tenure was indeterminate in time does not of itself make him an independent contractor. Cf. *Frederick A. Brown*, 22 B. T. A. 581, *United States* v. *Weitzel, supra*. As auditor, petitioner was an arm of the court, acting as a judge of fact, with power to swear witnesses, take testimony, and consider the evidence, making therefrom findings of law and fact. The position, created by law and permanent, was designed to lighten the burden of the courts and promote the administration of justice within the Commonwealth. It is recognized as a part of the judicial system of Massachusetts. Petitioner's duties as auditor were to be performed as required by the statutes and the practice, and subject to the control of the appointing court. The manner and time of performance were not left solely to his discretion; on the contrary, he was controlled, not only as to what he should do, but as to when and how he should do it. Cf. *Kriepke* v. *Commissioner*, 32 Fed. (2d) 594; *Burnet* v. *McDonough*, 46 Fed. (2d) 944; *Mesce* v. *United States*, 64 Ct. Cls. 481; certiorari denied, 278 U. S. 612. While he was free to seek outside employment during the time he served as auditor, and did so, yet he was, in his official capacity, always under the control of the appointing court, which supervised his activities and from time to time directed him in the performance of his duties. Under these circumstances we think the fact that he engaged in some professional activity outside his official duties does not of itself make him an independent contractor. Cf. *Burnet* v. *Livezey, supra; United States* v. *Butler*, 49 Fed. (2d) 252; *Mesce* v. *United States, supra*. His compensation, while not fixed in amount by statute, was not a matter of agreement, but the determination thereof lay exclusively within the discretion of the appointing court, and it was paid by the counties in which the cases arose, as were all expenses incident to these cases incurred by petitioner. Cf. *Miller* v. *McCaughn, supra*. We conclude therefore that petitioner, while engaged in his duties as auditor of the Superior Court, was not an independent contractor in his relation to the Commonwealth of Massachusetts or its subdivisions. 14 R. C. L. 67. We believe it unnecessary here to decide whether his status is that of an officer or that of an employee of the Commonwealth within the meaning of the statute. Cf. *Metcalf & Eddy* v. *Mitchell, supra; Auffnorat* v. *Heddcn, supra; United States* v. *Hartwell*, 6 Wall. 385; *Haight* v. *Commissioner*, 14 B. T. A. 844; affd., 52 Fed. (2d) 779.

And we think it clear that petitioner, in his official capacity, was an instrumentality or agent of the government, administering or executing governmental functions. His services were judicial in their nature and rendered to the judicial department of the government in the administration of justice. There is no question but that this instrumentality is one through which the State government exercises its sovereign powers; such a necessary function of government as to fall within the established exemption from Federal taxation. Cf. *Metcalf & Eddy* v. *Mitchell, supra; Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *Blair* v. *Matthews, supra.*

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

LANSDON and SMITH dissent.