ROSALIE C. RAND, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF WILLIAM RAND, DECEASED, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46659. Promulgated November 29, 1932.

*Murray D. Welch, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

184

VAN FOSSAN: The sole question presented for consideration in this case is whether or not the original petitioner was an officer of the State of New York and his income as such therefore entitled to exemption from Federal taxation. There is no suggestion that the services he performed as Special Deputy Attorney General did not relate to a governmental function exercised by the State of New York. Cf. *Leland Powers et al., Executors*, 26 B. T. A. 1381.

The petitioner contends that he was a public officer of the State of New York and that his duties were established by law. The sections of the law of the State of New York under which it is claimed petitioner's appointment was made and he performed the services in question are sections 61, 62, 200 and 201 of the Executive Law. Reference is also made to section 9 of the Public Officers' Law.

It is obvious that under the terms of the state statutes involved the Attorney General, or his duly appointed deputy, whenever required by the Governor so to do, might assume the authority and powers of the district attorney in certain designated criminal actions. The latter officer thereupon became subject to the former's direction and supervision. It is indisputable that a district attorney is a state officer occupying an essential position in the machinery of government. His duties are too well known to require comment. The same is true of the Attorney General and his position in the state government. The provisions of the Executive Law authorizing and directing the substitution of the Attorney General or his deputy for the District Attorney under certain conditions likewise are clear and unmistakable. And so are the statutory regulations governing the appointment of deputies in general and deputy attorneys general in particular. Pursuant to all of these statutes the petitioner received his appointment. His term of office was coterminous with that of his principal officer, the Attorney General. He took the constitutional oath of office. His compensation was fixed by the Attorney General and payable by the County of New York. His appointment was made under section 61 of the Executive Law and as such was a general investiture of the powers and authority of the Attorney General. The duties of the Attorney General and his deputies are established by law and not by agreement.

The instructions issued by the Governor under section 62 of the Executive Law merely directed the Attorney General or one of his deputies to supersede the district attorney in certain criminal proceedings. The petitioner's appointment as Special Deputy Attorney General was general in character. As such he was required to perform whatever duties were assigned to him by the Attorney General during the term of office of that official. His designation to appear for and represent the Attorney General in criminal proceedings and investigations was directory in its tenor and served as his authority to appear before the grand jury. He served the State of New York in the enforcement of its laws in the manner prescribed by its statutes, and not in his individual capacity. *Frederick A. Brown*, 22 B. T. A. 581.

In *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, the Supreme Court of the United States defined the term " office " as follows:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixed its incidents, including its term, its duties and its compensation. * * * The term " officer " is one inseparably connected with an office; * * *

In speaking of the plaintiffs in that case the opinion states that " there were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law."

In the case at bar the evidence is convincing that the petitioner held the status of an officer of the State of New York. This conclusion is supported collaterally by the fact that the Executive Law contains a special provision, section 65, authorizing the appointment of such " additional counsel " as may be required to carry out the provisions of section 62.

Since the petitioner was not employed under section 65, we may well assume that it was the intent of the Governor and Attorney General to constitute him an officer of the state rather than an employee thereof. The cases cited by the respondent and those heretofore decided by us denying exemption do so usually on the ground that the taxpayer was an independent contractor and not an employee of a state or political subdivision thereof. See *Metcalf & Eddy* v. *Mitchell, supra; Lucas* v. *Howard*, 280 U. S. 526; *Lucas* v. *Reed*, 281 U. S. 699; *Charles M. Haft*, 20 B. T. A. 431; *Edwin J. Raber*, 20 B. T. A. 975; and numerous other cases. Cf. *Hugh W. Ogden*, 24 B. T. A. 1239; *G. Ridgely Sappington*, 25 B. T. A. 1385.

But, since we have determined that the petitioner was an officer of the state, those cases are not in point. Neither do we think it material that the petitioner retained his membership in his law firm and shared in the profits thereof. Many public officers do not de-

vote their entire time to the duties of their office. As we said in *Edwin J. Raber, supra,* "it is possible for an officer or employee to accept outside employment without changing the character of the services rendered by him."

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MORRIS, STERNHAGEN, SMITH, LANSDON, and MURDOCK dissent.