EVERETT B. SHERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60771.   Promulgated April 11, 1933.

*Charles P. Sawyer, C. P. A.*, for the petitioner.
*B. M. Coon, Esq.*, and *F. S. Gettle, Esq.*, for the respondent.

OPINION.

ARUNDELL: In computing the petitioner's income tax liability for 1929 the respondent included in his gross income salary of $3,000 received as superintendent of parks of New Bedford, Massachusetts, and determined a deficiency of $226.39. These proceedings raise the question of whether such income is exempt from taxation.

During 1929 the petitioner received a salary of $3,000 from New Bedford, Massachusetts, the present population of which is about 100,000, for services rendered as superintendent of parks. The compensation was charged to an appropriation authorized by the city council for the maintenance of the parks of the city. The position held by the petitioner is within the civil service classification of the Commonwealth of Massachusetts.

The park system of New Bedford consists of three large tracts, and is operated for the free use of the public. The parks are improved with baseball diamonds, football fields and tennis courts. They have no bathing facilities. The city of New Bedford has never granted any concessions in the parks, nor collected fees for the use of the tennis courts. No admission charge is made to witness baseball and football games played in the parks. The city derives no income from the operation of the parks.

The parties are agreed that the salary in question was received by the petitioner as an employee of the City of New Bedford, Massachusetts. Our answer to the question presented turns upon whether the income was derived by the petitioner for services performed incident to the exercise of a governmental function of a political subdivision of a state. We think the determination should be in the affirmative.

There was enacted in 1882 by the Legislature of the Commonwealth of Massachusetts a statute which provides that a town may, by a majority vote, elect a board of park commissioners and prescribe their terms of office, with authority to (a) locate public parks within its limits by taking land in fee by eminent domain, or by purchase, gift, devise or otherwise; (b) lay out and improve public parks; (c) make rules for their use and government; (d) appoint certain employees, including a police force to act in such parks, and define their powers and fix their compensation. Land so taken or held as a park shall, by the terms of the statute, be forever kept open and maintained as a public park. Ch. 45, General Laws of Massachusetts.

By a majority vote at a municipal election held in 1890, the voters of New Bedford adopted the provisions of the statute. Since then the City of New Bedford has not adopted any ordinances or by-laws relating to the administration of its department of parks.

It is our opinion that the maintenance of a park for the sole benefit of the public and not for private profit or benefit to the municipal corporation is a governmental or public function. Such were the parks of New Bedford. While the cases are not uniform, the great weight of authority we believe, supports the view we have taken. *Higginson* v. *Slattery*, 212 Mass. 583; 99 N. E. 523; *Alder* v. *Salt Lake City*, 231 Pac. (Utah) 1102; *Russell* v. *City of Tacoma*, 8 Wash. 156; 35 Pac. 605; *Kellar* v. *City of Los Angeles*, 179 Cal. 605; 178 Pac. 505; *Harper* v. *City of Topeka*, 92 Kan. 11; 139 Pac. 1018; *Heino* v. *City of Grand Rapids*, 202 Mich. 363; 168 N. W. 512; *Emmons* v. *City of Virginia*, 152 Minn. 295; 188 N. W. 561; *Caughlan* v. *City of Omaha*, 103 Neb. 726; 174 N. W. 220. Contra, *Augustine* v. *Town of Brandt*, 249 N. Y. 198; 163 N. E. 732; *City of Denver* v. *Spencer*, 34 Col. 270; 82 Pac. 590.

The respondent, relying on *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, argues that the immunity from taxation is confined to functions " which the state can only do itself." We do not understand the rule to be so rigid. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 515; *Burnet* v. *Coronado Oil & Gas Co.*, 285 U. S. 393.

It follows that the salary of $3,000 received by the petitioner in 1929 from the City of New Bedford, Massachusetts, in his capacity of superintendent of its parks, is not subject to income tax.

*Decision will be entered under Rule 50.*