GEORGE H. HARLAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60500.  Promulgated May 25, 1934.

*Edgar T. Zook, Esq.*, for the petitioner.

*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

MARQUETTE: The respondent has determined a deficiency in income tax for the year 1929 of $259.43. In his petition the petitioner asserts that respondent erred in including in gross income (1) his compensation as attorney for the Marin Municipal Water District; and (2) his compensation as attorney for the Golden Gate Bridge and Highway District, hereinafter referred to as the District. At the hearing counsel for the petitioner stated that he would not press the first issue for the reason that the Board had determined it against petitioner in so far as it involved his compensation for previous years. No evidence was introduced on this issue and it is now determined in favor of the respondent. This leaves for consideration the question whether the petitioner's compensation as attorney for the District is exempt from Federal income tax.

The District was finally organized in January 1929, under the Act of May 25, 1923, as amended by the Act of May 23, 1925, General Laws of California, Deering (1923), Act 936, and Codes and General Laws of California, Deering (1925), Act 936.

The sole purpose of the District is to construct a bridge over San Francisco Bay at a cost of approximately $35,000,000. The bridge is a part of the highway system of the State of California.

By a resolution of the directors of the District of January 23, 1929, the petitioner was appointed attorney for the District. He qualified by taking oath of office, and in accordance with a resolution of the directors of November 6, 1929, he gave bond in the sum of $5,000. He was appointed for no specified term and could be discharged by the appointing power at any time. By a resolution of August 15, 1929, the directors fixed the petitioner's duties. For regular duties he was to receive $7,200, payable $600 a month. These duties were to advise the board of directors and the officers of the District respecting their duties; to attend all meetings of the directors; to prepare resolutions; to prepare all proceedings for the levy and collection of taxes; to prepare contracts, bonds, and agreements; and to do other things incidental to the foregoing. For extraordinary duties such as attending to suits in the courts of the state and the United States, attending hearings before any board, tribunal or officer wherein the District was a party, preparing all proceedings for the holding of elections, the issuance of bonds, and proceedings based on the result of such elections, he was entitled to receive the reasonable value of his services, to be allowed as a claim against the District. The provision for fees for extraordinary

services has been abolished and the attorney now receives a salary as compensation for all his services.

The petitioner performed his prescribed duties. The District and its organization had no funds and its only source of revenue was at first from taxes and then from bonds. No taxes were collected in 1929 until November. Up until that time the District officers carried on as best they could. The petitioner used his own office and supplied his own stenographer. Afterward the District acquired offices; the petitioner had an office in its building and was furnished a stenographer and most of his stationery.

In 1929 petitioner was attorney for the Marin Municipal District and also had a small law practice, consisting of matters held over from his practice in previous years. In that year he gave about two thirds of his time to the performance of his duties as attorney for the District. The respondent has included in the petitioner's gross income for 1929 the sum of $6,600, that amount representing his salary for the first 11 months of 1929.

The Acts of May 25, 1923, and May 23, 1925, provide for the incorporation and organization of bridge and highway districts. These districts may be composed of one or more counties or parts of a county or counties, including a city. The districts are governed by directors appointed by the boards of supervisors of the component counties. The number of directors varies with the districts. The number for the District is eleven. The board of directors is required to appoint a general manager, auditor, and a secretary. Section 8 provides: " The Board of Directors shall appoint an attorney and all subordinate officers not provided to be appointed by the general manager and shall fix their salaries, such subordinate officers to serve at the pleasure of the board." Section 10 enumerates the powers of the District. Among them are:

1. *Succession.* To have perpetual succession.

2. *Suits.* To sue and be sued, except as otherwise provided herein, by law, in all actions and proceedings in all courts and tribunals of competent jurisdiction.

3. *Seal.* To adopt a seal and alter it at pleasure.

   \*       \*       \*       \*       \*       \*       \*

5. *Operative property.* To acquire, or contract to acquire; to construct under contract, or by its own employees, bridges, abutments, rights of way, roads, tunnels, railroads, streetcar lines, interurban lines, telephone and telegraph lines, foot paths, viaducts, toll gates, toll houses, subways, and all other forms of property necessary or proper to the construction, operation, maintenance or supervision of its works, and to construct, maintain and operate, or construct or operate any of the foregoing classes of property, and all machinery or other property useful or necessary to construct, maintain, operate or otherwise make use of toll bridges and highways for the benefit of the district, and to complete, add to, repair or otherwise improve any of such property acquired by it as herein authorized.

6. *Rights of way. Charges.* To acquire by purchase, gift or condemnation, or to lease of and from the government of the United States, from this state, or from any person, firm or public or private corporation, with the privilege of purchasing or otherwise, lands, rights of way, or rights in, over or across lands or waters necessary or proper for the construction or operation of bridges, and the approaches thereto, as herein provided; also to fix and collect tolls, charges, rentals and other rates of income for the purpose of meeting the obligations of the district and repaying the same, and disposing of the surplus to the various counties within the district, as hereinafter provided.

7. *Eminent domain.* To have and exercise the right of eminent domain and in the manner provided by law for the condemnation of private property for public use, to take any property necessary for the construction of such bridges, or the approaches thereto, or the highways leading thereto, whether such property be already devoted to the same use or another public use, or otherwise, and may condemn any existing highway, right of way or any portion thereof by whomsoever owned. In any proceeding relative to the exercise of such right the district shall have the same rights, powers and privileges as the state of California. In the case of condemnation or [sic] property by the district, the district may take possession and use said property as provided by section one thousand two hundred fifty-four of the Code of Civil Procedure.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

9. *Levy of taxes.* To cause taxes to be levied for the purpose of paying running expenses, the organization expenses and the investigation expenses of the district before the issuance of bonds, and after the issuance of the bonds, to cause taxes to be levied for the purpose of paying any obligation of the district. Any of said taxes shall be levied and collected in the manner hereinafter provided.

10. *Contracts.* To make contracts, to employ labor, and all kinds of employees, whether skilled or unskilled, for the purpose of carrying on the business of the district, and to do all acts necessary for the full exercise of the foregoing powers.

Certain officers, including the attorney, are required to give bond in the amount to be prescribed by the directors.

The compensation of the petitioner as attorney for the District is exempt only if the District is a political subdivision of the State of California engaged in the performance of a governmental function, and if he was an officer or employee of such subdivision. That the District is a political subdivision of the State of California seems clear. It is governed by directors appointed by the board or boards of supervisors of the county or counties which comprise it. Its purpose is to construct a bridge over the Golden Gate. In order to effect this purpose it was authorized to levy taxes to pay running, organization, and investigation expenses, and after the issuance of bonds to pay any deficit which might arise from lack of revenue from tolls or other sources of income and to fix and collect tolls. Here the District was organized and is engaged in the construction of a bridge which, when constructed, is to be a part of the highway system of the State of California. In *Leon S. Moisseiff*, 21 B.T.A. 515, we had occasion to review the authorities on the question of whether the construction

of a bridge by two states involved the exercise of a governmental function. We there held that the Delaware River Bridge Joint Commission was a governmental instrumentality of the Commonwealth of Pennsylvania and the State of New Jersey, and said among other things: " The construction of bridges has always been regarded as an essentially governmental function." This case was followed in *Ralph Modjeski*, 28 B.T.A. 1051. The fact that the Joint Commission was an instrumentality of two states does not serve to distinguish that case from this, for whether a function is governmental depends on the nature of the function and not whether it is exercised by one state or more than one state. Nor is it controlling here that bridges may be built by others than the state. The rule is not so rigid. *Everett B. Sherman*, 27 B.T.A. 1169; affd., *Commissioner* v. *Sherman*, 69 Fed. (2d) 755, and cases cited. But this proceeding presents a stronger case than bridge construction alone.

The District is endowed with the power to fix tolls to be charged and to levy taxes, both of which are purely governmental functions. *Powers* v. *Commissioner*, 68 Fed. (2d) 634. When we consider that the District possesses all these powers and that the bridge is a part of the highway system of California, we reach the conclusion that the District is a political subdivision of the State of California, which is engaged in the performance of essential governmental functions.

We think that the petitioner was an officer as that term is defined in *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514. The office of attorney was created by the statute under which the District was organized. The petitioner was appointed by the board of directors pursuant to statutory authority enacted under Article XX, section 4, of the Constitution of California. He took office and gave bond. He held during the pleasure of the appointing power. Section 16 of Article XX of the Constitution of California in effect provides that where no term of office is declared the officer shall hold during the pleasure of the appointing power. His duties were fixed by the directors as was his salary. If it be objected that the petitioner may be paid fees in addition to his salary, it may be replied that the compensation of officers is often paid in the way of fees (*Hugh W. Ogden*, 24 B.T.A. 1239; affd., 62 Fed. (2d) 334; *Bettman* v. *Warwick*, 108 Fed. 46), and, further, that the compensation included by the respondent in the petitioner's income consisted only of the petitioner's regular salary. Nor is it material, since we hold that the petitioner was an officer, that he retained a small law practice. *Hugh W. Ogden, supra; Rosalie C. Rand, Executrix*, 27 B.T.A. 182.

We are of opinion that during 1929 the petitioner was an officer of a political subdivision of the State of California which was engaged in the performance of governmental functions and that his salary as attorney of the District is not subject to Federal income tax.

*Judgment will be entered under Rule 50.*