GEORGE Z. MEDALIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 54704.   Promulgated July 26, 1934.

*George Sylvester, Esq.,* for the petitioner.
*Frederick K. Slanker, Esq.,* for the respondent.

OPINION.

SEAWELL: Petitioner contends and insists that the compensation paid to him was for services rendered as an officer of the State of New York, which office he held by appointment under the Executive Law of that state. An examination of the Executive Law referred to discloses that section 60 thereof provides for the continuance of a department of law in the state government, of which the attorney-general shall be the head; by section 61, the attorney general is empowered to "appoint such assistant attorneys general, deputy assistant attorneys general and attorneys as he may deem necessary and fix their compensation, within amounts appropriated therefor

by legislature "; by section 62, the governor of the state is empowered to require the attorney-general personally or through a deputy to attend any term of the Supreme Court and supersede the district attorney in the management of any specified criminal actions or proceedings therein, it being further provided in section 62 that the expenses under such circumstances, " including the salary or other compensation of all deputies employed shall be a county charge."

In searching this law for the source of authority for petitioner's appointment we disregard as immaterial the fact that he was *designated* instead of *appointed* by the attorney-general. The fact that he is named in the letter of appointment a "Special Assistant Attorney-General ", a term not used in the statute, may indicate that he was not one of those appointees mentioned in section 61. Appointees under that section would appear to be the permanent aids to the attorney-general belonging to his regular staff and payable by the state out of appropriations made by the legislature for the purpose. Petitioner claimed on the trial that he was appointed under section 62. In some sense this might appear to be borne out by the fact that he was paid not out of the funds of the state, but by the County of Albany as provided in section 62, but under that section there is no authority given for the appointment of a "Special Assistant Attorney-General " or any other aid to the attorney-general. The governor's letter to the attorney-general does not suggest the appointment of a new or special deputy or assistant, but rather the reverse, for the letter requires the attorney-general to "attend in person, or by one of your asisstants or deputies," apparently signifying a deputy already in existence.

Section 65 of the Executive Law provides that "The Governor or Attorney-General may designate and employ such additional attorneys or counsel as may be necessary to assist in the transaction of any of the legal business mentioned in section sixty-two of this chapter and such attorneys or counsel shall be paid a reasonable fee upon the certificate of the Governor and Attorney-General." Intentionally or otherwise, the letter of the attorney-general to petitioner uses the language of this section in *designating* him for the position he held. He was not " additional counsel " in the sense of being subordinate to other attorneys in the case. His outstanding ability and reputation as a lawyer throughout the county would assign him to no such position in any litigation in which he might be employed, and his position in the litigation in question was that of chief counsel, subject only to the attorney-general, but this does not negative the power of his appointment under section 65. His compensation—the reasonable fee—provided for, was agreed to in consultation between the governor and the attorney-general and paid

as provided in section 62, but not contrary to the provisions of section 65. If petitioner was appointed under section 65, as it appears he was, it is further evidence that his services were not continuous or permanent or other than temporary and for the single piece of litigation. The petitioner does not contend, as we understand him, that he was a member of the attorney-general's regular staff and regularly attached to the department of law in the state government; but that he was a "*Special* Assistant Attorney-General", his tenure being conterminous with that of the attorney-general. Our understanding of the law, and the situation as it existed, forbids us to accept this contention of petitioner. He was employed to manage and prosecute one piece of litigation only, that is, for offenses growing out of the certain state census. When this litigation was completed, his employment was at an end. Before it was concluded he was at liberty to engage in other litigation. He could have appeared against the state at the same term of court at which Mrs. Knapp was convicted, for other defendants charged with offenses not growing out of the census. A member of the attorney-general's staff appointed under section 61 of the Executive Law could not have done so.

One employed as petitioner was in this case is not a state officer. As often quoted the Supreme Court has said:

The terms "officers" and "employees," both, alike, refer to those in regular and continued service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employee. They imply continuity of service, and exclude those employed for a special and single transaction. An attorney of an individual retained for a single suit, is not his employee. It is true, he has engaged to render services; but his engagement is rather that of a contractor than that of an employee. [*Louisville, etc., R.R. Co.* v. *Wilson*, 138 U.S. 501.]

And again:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. [*Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514, 520.]

Also, Regulations 74, article 643, defines an officer:

An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement.

What has been said above would seem sufficient to dispose of this case, but the Board in *Rosalie C. Rand, Executrix*, 27 B.T.A. 182, a case involving the identical situation here presented, held that compensation to a lawyer appointed by the attorney-general of New

York under this same Executive Law of the state, and the direction of the governor thereunder, for duties similar to those performed by petitioner in this case, was exempt from Federal income tax because the appointee was an officer of the state. Following the *Rand* case, and expressly relying on it for authority, the Board rendered another decision to the same effect in the unreported memorandum opinion in *Charles F. Murphy*, promulgated January 20, 1933. These cases were relied on by petitioner in this proceeding, and in his brief he said that there was "no essential distinction between the present case and the *Rand* and *Murphy* cases." Since the hearing in the instant case the Circuit Court of Appeals for the Second Circuit has reversed the Board's decision in the *Murphy* case, and *pro tanto* the *Rand* decision as well. In the opinion in *Commissioner* v. *Murphy*, 70 Fed. (2d) 790, the court said:

> The principles which must govern our decision are expounded in *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514, 46 S.Ct. 172, 70 L. Ed. 384. If the respondent [Murphy] was an officer or employee of the state, his pay as such was immune from federal taxation; but if he was merely employed as legal counsel in a special case, the compensation paid for his services must be included in taxable income. *Lucas* v. *Reed*, 281 U.S. 699, 50 S.Ct. 352, 74 L. Ed. 1125; *Lucas* v. *Howard*, 280 U.S. 526, 50 S.Ct. 87, 74 L. Ed. 593. \* \* \*

Applying the principles announced in these cases and referring to article 88 of Regulations 69 (same as Regulations 74, article 643, promulgated under the Revenue Act of 1928), the court stated further:

> \* \* \* He [Murphy] had no position of permanent or continuous tenure, was free to carry on concurrently his general law practice, and was employed for a single litigation. \* \* \*

In the *Murphy* case it is reported that he used his own employees to assist him in the preparation and presentation of the state's case "just as he would have done in any other ordinary piece of litigation"; but while this fact is used in the court's decision as added weight to sustain the opinion, it is not understood in any way to control or be essential to the conclusion reached by the court that Murphy was not an officer or employee of the state. Counsel for petitioner in the instant case, in a new supplemental brief, undertakes to point out other matters of difference between the *Murphy* case and that of petitioner, all of which we have considered, but find to be immaterial and not controlling. Under the *Murphy* case and others above referred to we hold that petitioner was not an officer of the state and that his compensation paid by Albany County was not exempt from Federal income tax.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

VAN FOSSAN dissents.