MELVIN L. GRIFFITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46358. Promulgated January 15, 1935.

*Melvin L. Griffith, Esq.*, pro se.
*Isadore Graff, Esq.*, for the respondent.

OPINION.

McMAHON: This is a proceeding for the redetermination of asserted deficiencies in income tax for the years 1926 and 1927 in the amounts of $11.44 and $50.32, respectively.

The only issue raised is whether the respondent erred in determining that the amounts of $2,381 and $5,612.46 were not received by the petitioner in 1926 and 1927, respectively, as compensation for services performed in the exercise of essential governmental functions as an officer or employee of the village of Homewood, Illinois, and therefore are subject to taxation.

The petitioner is a resident of the village of Homewood, Illinois. He is an attorney at law and in 1926 and 1927 was the junior member of the law firm of Winters, Stevens, Risk & Griffith.

On or about May 1, 1926, the president of the board of trustees of the village of Homewood asked petitioner if he would accept the village attorneyship for the ensuing year. The president stated that the compensation of that position would be $150 a year, payable out of the general fund and a percentage of the special assessment work and that any court work other than special assessment work would be paid for upon a per diem basis. The village of Homewood, like

other similar small villages, has meager general funds and, in order to procure the services of a competent attorney, a small fixed compensation is allowed out of the general fund together with a percentage on special assessments and an amount per diem for other special services.

. On May 4, 1926, petitioner was appointed village attorney for the village of Homewood for the year beginning May 1, 1926, and ending April 30, 1927, and on May 3, 1927, the petitioner was again appointed village attorney for the year beginning May 1, 1927, and ending April 30, 1928. The petitioner took an oath of office required by statute.

The minutes of the meetings of the board of trustees during 1926 and 1927 contain no reference to the compensation to be paid to the petitioner under his appointment. The president of the board of trustees alone had no authority to fix the compensation. No written agreement was entered into between the board and the petitioner. No ordinance or resolution was ever passed or adopted by the board creating any law department, appointing the petitioner as village attorney, or defining his duties or fixing his compensation.

The petitioner accepted the work as it was handed or sent to him by the board of trustees or the board of local improvements of Homewood. He attended all meetings of the board of trustees, of the board of local improvements, and of the zoning commission. He advised the board of trustees on matters coming before it at its meetings. He prepared all ordinances passed by the board. If and when any matters requiring attention in court or in reference to special assessment arose, they were referred to petitioner by the board of trustees at its meetings, regular or special. During 1926 and 1927 the procedure relating to special assessments was as follows: The village engineers prepared upon request an estimate of the cost of a proposed improvement. This estimate was turned over to the petitioner to prepare the necessary resolutions, orders, and other papers. Petitioner prepared a so-called first resolution fixing the time for public hearing. The petitioner attended all public hearings. After such public hearing, if the improvement was determined upon, a second resolution was prepared by the petitioner and also an ordinance to be adopted by the board of trustees. Thereafter petitioner prepared and filed a petition in the court. Notices were sent to property owners that the matter would be up for confirmation on a fixed date. The petitioner appeared at court upon the day fixed and prepared an order either confirming the assessment, or, if objections had been filed, a trial might result. If an appeal was taken to the Supreme Court petitioner represented the village therein.

A state statute required the appointment of a commissioner, who resided in the village but owned no property in the area affected by

the special assessment, whose duty it was to spread the cost of the approved special assessment over the property benefited. There was no one in Homewood who could qualify. However, a local man was appointed. All he did was to sign his name to the assessment roll and any other papers necessary for him to sign. He received compensation from the village as such commissioner. The special assessment rolls were spread in petitioner's office under his direction. This work was in part performed by one Mitchell, who had an office in the suite of offices of petitioner's law partnership, and in part by another member of the firm, the employees at petitioner's office assisting. The petitioner did not do any of the work of spreading the assessment roll. This work required someone good at figures and detail work. Because there was no one in the village to do such work, petitioner was requested by the board of trustees to do it.

Any work referred to petitioner by the village was given priority in his office. Homewood was the only village which he represented during 1926 and 1927. He handled other matters when he had no village work to do and had a private legal practice in addition to his work as village attorney. During 1926 and 1927 petitioner was the only attorney who represented the village of Homewood.

The petitioner sent to the village bills for his annual compensation of $150 and for any work which he had completed. The village clerk received the bills and presented them to the board of trustees at its meetings. The board approved such bills and referred them to the village treasurer, with authority to prepare vouchers in payment thereof. The petitioner submitted bills and was paid at the rate of $75 per day for court work other than special assessments. On special assessment work he at first billed the village on the basis of 3½ percent of the gross amount paid to contractors. Later this rate was changed to 3 percent of the amount of the special assessment as confirmed by the court.

From the statement attached to the notice of deficiency, it appears that the respondent increased the net income reported by petitioner for the year 1926 in the amount of $3,181.34 by adding thereto the amount of $2,381.81 as "Attorney's fees not included", with the following explanation:

1. The amount of $2,381.81, representing 20% of the fees received by the law firm of Winters, Stevens, Risk and Griffith, for work done by the partnership for the Board of Local Improvements of the Village of Homewood, which was distributed to you in proportion to your interest and which you excluded from taxable income on the ground that, as income from a municipality, it was exempt, has been included as taxable income.

It is the opinion of this office that, as village attorney, your salary of $150.00 per year as such was exempt from Article 88 of Regulations 69; however, fees received in the capacity of special assessment attorney are for services ren-

dered by agreement and are not services established by law or regulations and may not be considered as rendered in connection with the exercise of essentially governmental functions.

The evidence in the file shows that the services were actually rendered by the partnership and the fees in question were included in the income of the partnership and later divided among the respective partners in the following proportion:

| | |
|---|---|
| George M. Stevens | 47½% |
| J. C. Risk | 32½% |
| Melvin Griffith | 20% |

The evidence also shows that the partnership also acts as special attorney for other villages.

It is the opinion of the office that the relations between the village and the partnership were contractual as between attorney and client and that the partnership may not be considered an officer or employee of the municipality within the meaning of Article 88 of Regulations 69.

From such statement it also appears that the respondent increased the net income reported by petitioner for the year 1927 in the amount of $3,060.24 by adding thereto the amount of $5,612.46 as attorney fees not included in reported income with the following explanation:

1. This represents 25% of fees from the Village of Homewood received through the partnership. For details, see comments under Explanation of Change for 1926.

The income tax returns of petitioner for the years 1926 and 1927 disclose that petitioner received a gross income from his legal practice other than that received from the village in the amounts of $8,451.55 and $7,073.06, respectively.

The petitioner and counsel for respondent stipulated that the petitioner was appointed village attorney on May 4, 1926, for a year beginning May 1, 1926, and ending April 30, 1927, and again on May 3, 1927, for a year beginning May 1, 1927, and ending April 30, 1928.

On brief the respondent contends, first, that the petitioner in the years involved was not an officer of the village of Homewood as the office of village attorney was not created by village ordinance as required by chapter 24, article XI, section 11, Cahill's Illinois Revised Statutes, 1925, and, second, that even though he may be held to be an officer of such village, the amounts received by him were not received in his capacity as an officer for the reason that there was no ordinance definitely fixing the amount of compensation as required by chapter 24, article VI, section 15, Cahill's Illinois Revised Statutes, 1925. The petitioner contends that he is either an officer or an employee of the village.

Section 11 of chapter 24, article XI of the Cities and Villages Act empowers the president and board of trustees to appoint certain

named officers and "such other officers as may be necessary to carry into effect the powers conferred upon villages." The office of village attorney is not specifically named in such section.

The petitioner testified that the village president asked him in May 1926 if he would accept the village attorneyship for the ensuing year, stating that the compensation of the position would be $150 a year and a percentage of the special assessment work and a per diem basis for any court work other than special assessment work. No ordinance or resolution creating the office of village attorney or defining his duties, or fixing his term of office and compensation, was adduced in evidence. In fact petitioner testified that "there was no ordinance, or resolution that was ever passed by the Board in Homewood creating any law department or having anything to do with the appointment of Village Attorney, or his duties, or his compensation."

In *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, the Court stated:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. * * * The term "officer" is one inseparably connected with an office; * * *.

To the same effect see *City of Pekin* v. *Industrial Commission*, 173 N. E. (Ill.) 339.

In *Ferguson* v. *Russel*, 110 N. E. (Ill.) 130, 138, the Supreme Court of Illinois stated as follows:

* * * This definition [of "office" contained in section 24 of article 5 of the Constitution of Illinois] contains two essential elements, both of which must be present in determining any given position to be an office: (1) The position must be a public one, created either by the Constitution or by law; and (2) it must be a permanent position, with continuing duties. To determine whether the first element is present, we have but to look to our Constitution and our statutes to see whether the particular position under consideration has been created by the Constitution or by law. An office is created by law only as a result of an act passed for that purpose.

In *Peabody* v. *Sanitary District of Chicago*, 161 N. E. (Ill.) 519, the Illinois Supreme Court stated:

* * * The same rule of distinction between "office" and "employment" laid down in *Ferguson* v. *Russel* [*supra*] applies to local government as well as to state government.

Since the office of village attorney was not created by law, as required by the laws of Illinois and the above cases, we hold the petitioner was not an officer of the village of Homewood in 1926 and 1927 so as to exempt from Federal taxation any compensation for services received by him from such village.

In support of his contention that he was an employee of the village, the petitioner testified that all the work he did was handled under the direction of the village board or of some officer or of some committee of the board. However, there is no evidence in the record showing that the board, or some officer, or some committee of the board, "exercised *any detailed control as to what should be done, and how it should be done*, which is essential to the relationship of employer and employee." (Emphasis supplied.) *Haight* v. *Commissioner*, 52 Fed. (2d) 779, affirming *George I. Haight*, 14 B. T. A. 844.

Furthermore, in *Burnet* v. *Jones*, 50 Fed. (2d) 14, the court stated:

* * * The lawyer who is retained in the affairs of his client is not properly designated an employee. He is an officer of the court. As counselor and advisor to his clients and as an advocate before the court, whatever action he takes is upon independent judgment illuminated by his learning, his skill, his experience, and his ethics. The relationship of attorney and client is entered into and maintained with regard to these considerations, and is not that of employer and employee.

*       *       *       *       *       *       *

To the same effect see *Lucas* v. *Howard*, 280 U. S. 526; *Lucas* v. *Reed*, 281 U. S. 699; *Burnet* v. *McDonough*, 45 Fed. (2d) 944; *George H. Gabel*, 25 B. T. A. 60; *Register* v. *Commissioner*, 69 Fed. (2d) 607; *Richard F. Burgess*, 69 Fed. (2d) 609.

We conclude that the petitioner was not an employee of the village in 1926 and 1927 and the compensation received from the village is not exempt from Federal taxation.

In our opinion no useful purpose would be served by discussing all the cases cited by petitioner and respondent, especially as the conclusion reached in each case obviously must rest upon the peculiar facts presented therein.

As heretofore stated, the respondent determined that the annual salary of $150 was exempt from taxation, but on brief contends that petitioner was neither an officer nor employee of the village so as to exempt any compensation received by him from Federal taxation. However, the respondent made no claim, " at or before the hearing ", pursuant to section 274 (e) of the Revenue Act of 1926, for an increase in the deficiencies asserted by him, the computation of which apparently did not include the annual compensation of $150. Therefore the liability of petitioner for deficiencies in income tax is limited to the amounts asserted by the respondent in the notice of deficiency of $11.04 and $50.32 for 1926 and 1927, respectively. *Lucinda Pitman*, 24 B. T. A. 244, 256.

*Decision will be entered for the respondent.*